UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIFFANY M WOODS  #545546          CIVIL ACTION NO. 5:12CV2879 SEC P

VERSUS          JUDGE FOOTE

WARDEN, LOUISIANA
CORRECTIONAL INSTITUTE FOR          MAGISTRATE JUDGE HAYES
WOMEN

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Tiffany Woods, an inmate in the custody of Louisiana's Department of

Corrections, filed the instant Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on

December 13, 2012.  [doc. # 4].  Petitioner attacks her 2008 conviction for second degree murder

and the life sentence imposed by the First Judicial District Court, Caddo Parish. This matter has

been referred to the undersigned for review, report, and recommendation in accordance with the

provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons, it

is recommended that the Petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-

barred by the provisions of 28 U.S.C. § 2244(d).

### Background

A Caddo Parish Grand Jury indicted Petitioner on September 14, 2006, charging her with

the offense of Second Degree Murder.  [doc. # 19-3, p. 15].  On August 21, 2008, following a

bench trial, the trial court found Petitioner guilty as charged.  *Id.* at 191.  Petitioner appealed to

the Second Circuit Court of Appeal, and on August 19, 2009, her conviction was affirmed.  [doc.

# 19-6, p. 4].  Petitioner did not seek further direct review in the Louisiana Supreme Court.

Petitioner subsequently filed an application for post-conviction relief in the First Judicial

District Court.  [doc. # 19-6, p. 93].  Petitioner signed the application on June 28, 2010.  *Id.* at

113.  A notarized affidavit at the end of the application was signed on June 18, 2010.  *Id.* at 114.

The application was stamped "filed" on July 1, 2010.  [doc. 19-6, p. 93].  The trial court denied

the application on August 10, 2011.  [doc. # 19-7, p. 39].  The Second Circuit Court of Appeal

denied Petitioner's writ application on December 14, 2011.  [doc. # 19-8, p. 3].  The Louisiana

Supreme Court denied writs on September 12, 2012.  [doc. # 19-9, p. 5].

On May 31, 2013, Petitioner filed a second application for post-conviction relief in the

First Judicial District Court.  [doc. # 19-9, p. 13].  The First Judicial District Court denied

Petitioner's application as untimely.  *Id.* at 164.  The Second Circuit Court of Appeal denied

Petitioner's second writ application.  [doc. # 19-10, p. 142].  The record indicates that there is a

writ of review pending before the Louisiana Supreme Court.  [doc. # 19-10, p. 144].

Petitioner filed the instant Petition on December 13, 2012.  [doc. # 4].  The State

contends that the Petition is untimely.  [doc. # 19-1, p. 12].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death

Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of *habeas*

*corpus* applications by persons in custody pursuant to the judgment of a state court.  This

limitation period generally runs from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C.

§ 2244(d)(1)(A).[1]  When a petitioner concludes her state court direct appeal before it reaches the

---

[1] The pleadings and exhibits do not suggest that any State created impediments prevented
the filing of this Petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Nor do the claims asserted rely on a
constitutional right newly recognized by the United States Supreme Court and made retroactively
applicable to cases on collateral review.  *See Id.* § (d)(1)(C).  Further, Petitioner does not contend
that "the factual predicate of the claim or claims presented" were "discovered through the

state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, the Louisiana appellate court affirmed Petitioner's conviction on August 19, 2009. [doc. # 19-6, p. 4].  Petitioner did not seek further direct review in the Louisiana Supreme Court. Under Louisiana Supreme Court Rule 10, § 5(a), a petitioner has thirty days to file her application for supervisory writ to the Louisiana Supreme Court.  LA. REV. STAT. ANN. S. CT. R. 10; *see also* LA. CODE CRIM. PROC. ANN. ART. 914 (motion for appeal must be made no later than thirty days after rendition of judgment from which appeal is taken).  Thus, Petitioner's conviction became final on September 18, 2009, because that is the date on which Petitioner's time for seeking further review in state court expired.  Since her conviction became final on September 18, 2009, Petitioner would normally have had one year, or until September 18, 2010, to file a federal *habeas corpus* petition.  However, since September 18, 2010, fell on a Saturday, the one-year period was extended to the following Monday, or September 20, 2010.[2] Petitioner's time period for filing a federal *habeas corpus* petition thus expired on September 20, 2010, unless that deadline was extended through statutory or equitable tolling.

I. Statutory Tolling

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is

exercise of due diligence" after the date on which her judgment became final.  *See Id.* § (d)(1)(D).

[2] *See* FED. R. CIV. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

pending shall not be counted toward any period of limitation . . . ."  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, after Petitioner's conviction became final on September 18, 2009, 283 days elapsed before Petitioner filed her application for post-conviction relief in the First Judicial District Court on June 28, 2010.  A Louisiana prisoner's *pro se* post-conviction application is deemed "filed" when she delivers the application to the prison authorities for forwarding to the court–i.e. when she places it in the prison mail system.  *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).  In this case, Petitioner signed her application on June 28, 2010.  [doc. # 19-6, p. 113].  Petitioner also signed a notarized affidavit at the end of her post-conviction application on June 18, 2010.  *Id.* at 114.  Even though she signed the affidavit on June 18, 2010, her application is deemed "filed" on June 28, 2010 because that is the latest date on which she possessed the application.  In other words, it is clear that Petitioner did not place the application in the prison mail system on June 18 because she signed the same application ten days later on June 28.  In effect, 283 days elapsed between September 18, 2009 and June 28, 2010.

Thus, the tolling period began on June 28, 2010.  The trial court denied Petitioner's application on August 10, 2011, [doc. # 19-7, p. 39], the Second Circuit Court of Appeal denied her writ application on December 14, 2011, [doc. # 19-8, p. 3], and the Louisiana Supreme Court denied writs on September 12, 2012.  [doc. # 19-9, p. 5].  Consequently, the tolling period ceased on September 12, 2012.  Of note, the limitations period was not subject to statutory tolling for the

period of time during which Petitioner's second state *habeas* applications were pending because the second round of post-conviction review proceedings were all filed after the federal *habeas* deadline expired.[3]  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

After the limitations period began running again on September 12, 2012, Petitioner had until December 3, 2012—82 days (365-283) remaining—to file a petition in this Court. Petitioner filed the instant Petition on December 13, 2012, ten days after the limitations period expired.  [*See* doc. # 4].  Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

II. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  As the Supreme Court noted: "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Fla.*, 549

---

[3] On May 31, 2013, Petitioner filed a second application for post-conviction relief in the First Judicial Court.  [doc. # 19-9, p. 13].  The First Judicial Court denied Petitioner's application as untimely.  *Id.* at 164.  The Second Circuit Court of Appeal likewise denied Petitioner's second application.  [doc. # 19-10, p. 142].  The record also indicates that there is a writ of review pending before the Louisiana Supreme Court.  [doc. # 19-10, p. 144].

U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, nothing of record supports equitable tolling of the statute of limitations.  It does not appear that Petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting her rights by timely filing her *habeas* claims.[4]  Accordingly, the Petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Neither statutory nor equitable tolling applies.  Therefore, dismissal is recommended.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for *habeas corpus* filed by Petitioner Tiffany Woods [doc. # 4] be **DENIED and DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

## A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED

---

[4] Nevertheless, this is a Report and Recommendation, and, as explained below, Petitioner may object.  If Petitioner does object, she is encouraged to provide evidence and argument to support any claim of equitable or statutory tolling.

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of November, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7